[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13062
Non-Argument Calendar

_____

D.C. Docket No. 3:18-cr-00191-BJD-PDB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NATARIO BERNARD PETERSON,
a.k.a. Nite Ryda,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 18, 2020)

Before MARTIN, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Natario Peterson appeals the procedural and substantive reasonableness of his above-guidelines total sentence of 60 months. The sentence was imposed after Peterson pleaded guilty to three counts of distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). No reversible error has been shown; we affirm.

After Peterson pleaded guilty to the charged drug offenses, a probation officer prepared a Presentence Investigation Report ("PSI"). The PSI assigned Peterson a criminal history category of I based on Peterson's one prior juvenile adjudication. Given that criminal history category and a total offense level of 15, Peterson's advisory guidelines range was calculated as 18 to 24 months.

The PSI also included a paragraph about Peterson's "Other Criminal Conduct." In September 2018, Peterson -- who is a member of the Rollin' 20s criminal gang -- went to a gas station with a fellow gang member (Edwards) and a woman named "Bonnie" for the purpose of confronting Edwards's ex-girlfriend, Daley. Edwards kidnapped Daley at gunpoint and ordered her to follow, in Daley's car, a second car driven by Peterson and Bonnie. After both cars stopped on the side of the road, Edwards pointed a gun at Daley's head, struck Daley in the

face several times with the gun, and threatened to kill her.  Daley soon escaped to a nearby home and called the police.[1]

According to the PSI, Peterson later admitted -- in recorded phone conversations and during an interview with officers -- that he had authorized Edwards to engage in the violent criminal conduct against Daley.  Peterson also made statements during recorded phone conversations indicating his desire and plan to have Bonnie killed.

In his objections to the PSI, Peterson denied the factual allegations about the events surrounding the September 2018 kidnapping.  Peterson also objected to the PSI's reliance on that uncharged criminal conduct as warranting an upward departure or variance.  The district court overruled Peterson's objections to the PSI.

During the sentencing hearing, the government presented testimony from Jeffrey Massey, a special agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").  Agent Massey testified about an ATF investigation of the Rollin' 20s gang and the gang's involvement in drug trafficking and firearm offenses.

---

[1] Edwards later pleaded guilty in state court to kidnapping with a firearm, armed robbery, possession of a firearm by a convicted felon, and aggravated battery and was sentenced to 20 years' imprisonment.  Peterson was never arrested or charged as a result of the September 2018 kidnapping.

In addition to describing the controlled drug buys underlying Peterson's charged offenses, Agent Massey also testified about recorded phone conversations between Peterson and a confidential informant ("CI") during which Peterson discussed his participation in the September 2018 kidnapping.[2]  During the recorded conversations, Peterson also commented that Bonnie was "a loose end" and said, "[w]e're going to have a funeral for Bonnie."  During another recorded call, the CI said that Daley would testify against Peterson, to which Peterson responded, "She ain't gonna make it.  I've got the address."

During a post-arrest interview, Peterson told Agent Massey that Peterson oversaw his own "line" of the gang and had 13 other gang members reporting to him.  During that interview, Peterson also admitted that he had been involved in the September 2018 kidnapping and that he had authorized Edwards to carry it out.  Later, Peterson again admitted his involvement in the September 2018 kidnapping when -- at the sentencing hearing -- he asked the district court not to "penalize me for the crimes that I'm not charged with, even though I did those -- I did those things."

At the conclusion of the sentencing hearing, the district court found clear and convincing evidence that Peterson had engaged in criminal behavior beyond

---

[2] Recordings of those phone conversations were played for the district court.  The recorded calls, however, were not transcribed and are thus not part of the record on appeal.

4

the charged drug offenses.  The district court found that a criminal history category of I was inadequate to reflect Peterson's past criminal conduct.  The district court thus granted the government's motion -- pursuant to U.S.S.G. § 4A1.3 -- for an upward departure to the next highest criminal history category.  This upward departure resulted in a new advisory guideline range of 21 to 27 months.

The district court then found that an upward variance was also necessary to reflect the seriousness of Peterson's offenses, to deter criminal conduct, to protect the public, and to avoid a disparity in sentences.  The district court said that the mitigating evidence -- including Peterson's mental health and intellectual challenges and difficult childhood -- provided some explanation for Peterson's "moral bankruptcy."  The district court, however, also stressed Peterson's "proclivity toward not only committing but organizing criminal offenses," Peterson's stated intention to conceal his crimes and to retaliate against those who might implicate him, and Peterson's disrespect for the law.  The district court then sentenced Peterson to 60 months' imprisonment and 5 years' supervised release.

We review Peterson's final sentence for procedural and substantive reasonableness.  See United States v. Gonzalez, 550 F.3d 1319, 1323 (11th Cir. 2008).  A sentence may be procedurally unsound if the district court calculates incorrectly the guidelines range, treats the guidelines as mandatory, fails to consider the 18 U.S.C. § 3553(a) factors, chooses a sentence based on clearly

erroneous facts, or fails to explain adequately the chosen sentence. Id. In determining procedural reasonableness, we review de novo the district court's application of the Guidelines and review for clear error the district court's factual findings. See United States v. Arguedas, 86 F.3d 1054, 1059 (11th Cir. 1996).

After determining a sentence is procedurally sound, we evaluate the substantive reasonableness of a sentence -- whether one inside or outside the guidelines range -- under a deferential abuse-of-discretion standard. See Gall v. United States, 552 U.S. 38, 51 (2007). In reviewing the substantive reasonableness of a sentence, we examine "the totality of the circumstances, including . . . whether the statutory factors in § 3553(a) support the sentence in question." See Gonzalez, 550 F.3d at 1324.

The district court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" of 18 U.S.C. § 3553(a)(2), which include the need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from future crimes. 18 U.S.C. § 3553(a). The weight given to each section 3553(a) factor "is a matter committed to the sound discretion of the district court." United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008).

When a sentence is above the guidelines range, we "may consider the deviation, but must give due deference to the district court's decision that the §

6

3553(a) factors, on a whole, justify the extent of the variance." Id. (quotation omitted). "We may vacate a sentence because of the variance only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Shaw, 560 F.3d 1230, 1238 (11th Cir. 2009) (quotation omitted). "[T]hat we might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal." Id. (quotation omitted).

Peterson bears the burden of establishing that his sentence is unreasonable in the light of both the record and the section 3553(a) factors. See United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Peterson has failed to demonstrate that his sentence is procedurally unreasonable. That the district court calculated properly the initial advisory guidelines range of 18 to 24 months is undisputed. The district court also treated those guidelines as advisory. In determining Peterson's sentence, the district court expressly considered section 3553(a) factors. The district court also explained adequately its reasoning for applying both an upward departure and an upward variance.

The district court also committed no procedural error in applying a one-category upward departure. Under U.S.S.G. § 4A1.3, the district court may elect

7

to depart upward from an advisory sentence "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes . . .."  U.S.S.G. § 4A1.3(a)(1).

Here, the evidence presented at the sentencing hearing -- including Agent Massey's testimony about Peterson's position of authority in the Rollin' 20s gang and about Peterson's offense conduct as well as Peterson's own statements and testimony -- constituted sufficiently reliable evidence[3] supporting the district court's finding that Peterson's criminal history category of I significantly underrepresented his criminal activity and the likelihood of recidivism.  Moreover, that the September 2018 kidnapping occurred after Peterson's offenses of conviction does not prevent the district court from considering that conduct as grounds for an upward departure.  See United States v. Fayette, 895 F.2d 1375, 1380 (11th Cir. 1990) (an upward departure under section 4A1.3 may be based on both pre-plea and post-plea criminal conduct).  The district court also complied properly with the procedure for imposing an upward departure by finding that an increase of one criminal history category reflected adequately Peterson's past

---

[3] We reject Peterson's contention that the district court's finding about his involvement in the uncharged conduct was based only on hearsay and speculation.  Peterson himself told Agent Massey that he was involved in and had authorized the September 2018 kidnapping and later testified that he "did those things."

criminal conduct.  See United States v. Williams, 989 F.2d 1137, 1142 (11th Cir. 1993).

Peterson also contends that the district court considered impermissibly Peterson's need for rehabilitation through education in imposing his sentence -- a violation of Tapia v. United States, 131 S. Ct. 2382 (2011), and United States v. Vandergrift, 754 F.3d 1303 (11th Cir. 2014).  We disagree.  During the sentencing hearing and in his sentencing memorandum, Peterson's lawyer asserted that Peterson was in "desperate need of intervention and services that can be provided through the sentence," including mental health intervention and vocational training.  In announcing Peterson's sentence, the district court noted that Peterson "may need vocational training and support around substance abuse and education" and that Peterson "perhaps could benefit from the use of -- or from the further education efforts, so part of the sentence that I impose is going to give you that opportunity."  We read these comments as acknowledging Peterson's explicit request for mental health and education services -- not as an indication that the sentencing judge considered rehabilitation as a factor in imposing Peterson's sentence.

Peterson has also failed to demonstrate that his above-guidelines sentence substantively is unreasonable.  Peterson's sentence is below the statutory maximum sentence of 20 years' imprisonment, which is indicative of

reasonableness.  See United States v. Valnor, 451 F.3d 744, 751-72 (11th Cir. 2006) (affirming an upward variance and observing that the ultimate sentence was appreciably below the statutory maximum).

Furthermore, given the record in this case -- including Peterson's involvement in the controlled drugs sales and other uncharged criminal conduct -- the district court concluded reasonably that an above-guidelines sentence was sufficient but not greater than necessary to comply with the purposes of sentencing under section 3553(a).  Although Peterson was sentenced substantially above his advisory guidelines range, we have affirmed as reasonable upward variances of a similar degree.  See, e.g., United States v. Overstreet, 713 F.3d 627, 631, 639 (11th Cir. 2013) (affirming a 420-month sentence where the advisory guidelines range was 180 to 188 months); United States v. Brown, 772 F.3d 1262, 1267 (11th Cir. 2014) (affirming a 240-month sentence where the advisory guidelines range was 78 to 97 months).

Peterson argues that the district court failed to weigh properly the section 3553(a) factors and failed to consider adequately the mitigating factors, including Peterson's alleged mental and intellectual disabilities.  But "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors."  United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007)

10

(quotations and alterations omitted).  That the district court afforded more weight to some aggravating factors than it did to other mitigating factors does not make Peterson's sentence unreasonable.  Nor did the district court focus single-mindedly on one section 3553(a) factor: the district court considered the evidence of Peterson's uncharged conduct as significant in assessing several of the section 3553(a) factors.  The district court was entitled to consider all information pertinent to Peterson's "background, character, and conduct" in imposing an upward variance.  See United States v. Tome, 611 F.3d 1371, 1379 (11th Cir. 2010).

On this record, we cannot say that Peterson's above-guidelines sentence was unreasonable or that "the district court committed a clear error of judgment in weighing the § 3553(a) factors."  See Shaw, 560 F.3d at 1238.  Peterson has failed to meet his burden of showing that his sentence is unreasonable, either procedurally or substantively.

AFFIRMED.